**Wanigamuni Ranjith WIMALARATNA,
Petitioner,**

**v.**

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–3772.

United States Court of Appeals,
Sixth Circuit.

June 20, 2003.

Before: DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.*

*ORDER*

Wanigamuni Ranjith Wimalaratna, a citizen of Sri Lanka, petitions through counsel for review of an order of the Board of Immigration Appeals dismissing his appeal from a decision of an immigration judge denying his requests for asylum, 8 U.S.C. § 1158(a), withholding, 8 U.S.C. § 1253(h), or suspension of deportation, 8 U.S.C. § 1254(a)(1) (1994). The parties have not requested oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Wimalaratna entered this country in 1990. He overstayed his visa and was issued an order to show cause why he should not be deported in 1993. He conceded deportability, but applied for relief as noted above. A hearing was held before an immigration judge (IJ), who held that Wimalaratna was not eligible for suspension of deportation, and had not established that he was entitled to asylum or withholding. A period of voluntary departure was granted. Wimalaratna appealed to the Board of Immigration Appeals (BIA), which dismissed his appeal.

This court granted Wimalaratna's motion for a stay of deportation. In his brief, Wimalaratna argues that he presented sufficient evidence to establish entitlement to asylum, that the IJ failed to give any reason for disbelieving his testimony, and that the stop-time provision of 8 U.S.C. § 1229b(d) should not apply retroactively to render him ineligible for suspension of deportation.

Wimalaratna's request for asylum or withholding of deportation was based on his claim that he feared persecution on the basis of his political opinion if he returned to Sri Lanka. He testified that he was Sinhalese, the ethnic majority in Sri Lanka, and that his father worked for the political party currently in control of the government. He alleged that his father had received death threats from groups opposed to the government, although not the Tamil minority which is responsible for much of the civil disorder in other parts of Sri Lanka. In support of this claim, he submitted letters from his father and others who worked in his party conveying the existence of these threats and warning Wimalaratna that it would be dangerous for him to return. However, he testified that no harm had come to his father, although he had been active politically for many years. He alleged that general conditions of violence existed, and that a relative had been kidnapped and held for ransom, and two of his classmates murdered. He did not state that there were political motives behind these events, or that he shared any political viewpoint with the victims. On crossexamination, Wimalaratna was unclear about which party his father worked for or what exactly his job was. He testified that he had helped a cousin advertise for the party at one time. He also related being arrested and held for one day under the mistaken belief that he was against the government. He opined that forces opposing the government might try to force him into joining them, or that if he joined the army, the opposition might punish his family.

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

In order for this court to grant a petition for review, an alien must present evidence so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The evidence in this case does not meet this standard. Although Wimalaratna alleged that the threats against his father would be extended to him, he conceded that no actual harm had come to his father as a result of his many years of political activity. Wimalaratna's fear that he may be forcibly recruited by opposition forces was the same claim rejected by the Supreme Court in *Elias–Zacarias*. His testimony failed to establish that he had suffered persecution on account of political opinion in the past, or that he reasonably feared such persecution.

Wimalaratna argues that the IJ failed to give any reason for disbelieving his testimony, and cites to *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir. 1998), for the proposition that specific reasons should be given for determining that a witness is not credible. We conclude that specific reasons were given by the IJ in this case. The IJ noted that, although this proceeding had been pending for many years, Wimalaratna was represented by counsel, and had requested the proceedings to be held in English rather than with an interpreter, he was unable to articulate any factual basis for his alleged fear of persecution. His testimony was vague and unresponsive to many questions. These reasons were sufficient for the IJ to discredit Wimalaratna's testimony that he feared political persecution.

Wimalaratna also argues that the statutory stop-time provision should not be applied retroactively to render him ineligible for suspension of deportation. Suspension was formerly available to aliens who had been in the country for seven years, were of good moral character, and would suffer extreme hardship if deported. The stop-time provision does not allow an alien to accrue time towards the seven-year residency requirement for suspension following the issuance of an order to show cause. In this case, Wimalaratna entered the country in 1990 and was issued a show cause order in 1993. Therefore, he cannot be eligible for suspension under the stop-time rule. This court has previously rejected the argument that the provision should not apply retroactively to cases initiated prior to its enactment. *Sad v. INS*, 246 F.3d 811, 819–22 (6th Cir.2001). Wimalaratna's argument that *INS v. St. Cyr*, 533 U.S. 289, 321, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), requires overturning that decision is without merit. *St. Cyr* addressed a different provision of the immigration statutes, which was not found to be specifically intended by Congress to apply retroactively, and which retroactively altered the expectations of eligibility for relief by aliens who entered guilty pleas in felony cases. This court specifically found that Congress intended the stop-time rule to apply retroactively, and Wimalaratna did not take any action in the belief that he would be entitled to relief that would be retroactively eliminated.

Therefore, the BIA properly concluded that Wimalaratna was ineligible for suspension of deportation, and had not established that he was entitled to asylum. Further, because he did not meet the standard for asylum, he necessarily cannot be granted the relief of withholding of deportation. *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). Accordingly, the petition for review is denied.